**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

KENNY MICHEL SOTO PORTAL                    CIVIL ACTION NO. 26-1529

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

WARDEN PINE PRAIRIE ICE                      MAGISTRATE JUDGE HORNSBY
PROCESSING CENTER

**MEMORANDUM ORDER**

Before the Court is an "Emergency Motion for Temporary Restraining Order, Stay of Transfer or Removal to Mexico, and Order Prohibiting Coercion or Use of Force to Obtain Signature on Removal Documents While Habeas Petition is Pending" (Record Document 7) filed by habeas Petitioner, Kenny Michel Soto Portal ("Petitioner"). Petitioner, a citizen of Cuba, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at Pine Prairie ICE Processing Center. See id. at 1, 2. He filed a Petition for Writ of Habeas Corpus challenging his continued post-removal order detention by ICE as unlawful. See id. at 1. He seeks immediate release under appropriate conditions of supervision in his Habeas Petition. See id. at 2.

In the instant emergency motion, Petitioner asks for an order preventing his removal to Mexico while his Habeas Petition is pending. See Record Document 7 at 2. He further seeks an order directing Respondents to refrain from transferring him and/or using threats, force, intimidation, or coercion to make him sign any removal, travel, or departure documents. See id. at 2. Petitioner submits that he is seeking to preserve the status quo. See id. at 3.

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial

threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny an emergency injunction lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner repeatedly states that he does not seek to review or overturn the final order of removal.  However, even if framed as seeking to preserve the *status quo*, his request is essentially a challenge to a removal order.  See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order).  The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir.

2

1999) and 8 U.S.C. § 1252(g) (internal quotations omitted).  Thus, this Court is without jurisdiction to grant Petitioner's request for stay of removal to Mexico.  See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

As for Petitioner's request that the government be prohibited from transferring him, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner has failed to show a likelihood that he will be transferred to another facility.  Additionally, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's "Emergency Motion for Temporary Restraining Order, Stay of Transfer or Removal to Mexico, and Order Prohibiting Coercion or Use of

Force to Obtain Signature on Removal Documents While Habeas Petition is Pending"

(Record Document 7) is **DENIED**.

       **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of July, 2026.

                                             JUDGE S. MAURICE HICKS, JR.
                                             UNITED STATES DISTRICT COURT